UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01196-TWP-MG |
| | ) |
| ROBERT CARTER, JR., | ) |
| CENTURION MEDICAL SERVICES, | ) |
| DENNIS REAGEL, | ) |
| CHRISTINA LIEDTKE, | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

This matter is before the Court for screening of the Complaint. Plaintiff Victor Rivera is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action alleging that the defendants have violated his Eighth Amendment rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Rivera sues Defendants Robert Carter, Centurion Medical Services, Dennis Regal, and Christina Liedtke. He alleges that he was deemed "seriously mentally ill" and placed in a mental health segregation unit on March 11, 2022. He states he is still being held in that unit, and he contends being kept in this unit is exacerbating his mental health conditions in violation of his Eighth Amendment Rights.

## III. Dismissal of the Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, Mr. Rivera asserts that the defendants are inflicting cruel and unusual punishment on him by keeping him in mental health segregation, but he does not sufficiently allege facts that would raise an inference that any of the individual defendants are responsible for his placement in segregation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation."). IN particular, Mr. Rivera fails to state any specific acts by the individual defendants. He has therefore failed to state a claim against them.

Further, Mr. Rivera states that his placement in segregation has exacerbated his mental health conditions.

> In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind.
>
> *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)

"[P]rolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment ... depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." *Id.* Because Mr. Rivera does not describe the conditions of his segregation, he has not stated an Eighth Amendment claim.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint filed is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through October 17, 2022, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of

the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-1196-TWP-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 9/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VICTOR RIVERA
200794
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only